UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EUGENE ROJAS, <br>                 Plaintiff, <br> v. <br> CALIFORNIA DEPARTMENT OF CORRECTION AND REHABILITATION, <br>                 Defendant. | Case No. 22-cv-03926-JSW <br><br> **ORDER OF DISMISSAL** |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983 against the California Department of Corrections and Rehabilitation ("CDCR"). He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the case is DISMISSED for failure to state a cognizable claim for relief.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

Plaintiff claims that a wide variety of conditions at San Quentin State Prison, California State Prison, Sacramento, and the California Medical Facility violated his constitutional rights. The CDCR is the sole Defendant. The Eleventh Amendment bars from the federal courts suits against the CDCR. *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009). Accordingly, Plaintiff may not bring his claims against the CDCR in federal court.

## CONCLUSION

For the foregoing reasons, the case is DISMISSED for failure to state a claim upon which relief may be granted.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 6, 2022

JEFFREY S. WHITE
United States District Judge